**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| KORIN TAYLOR, <br> 604 Liberty Street <br> Salisbury, Maryland 21804 <br><br> and <br><br> STEPHEN KNUTH, <br> 30 Wild Oak Lane, Apt. 202 <br> Stafford, VA 22554 <br><br> Plaintiffs, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br> 505 City Parkway West <br> Orange, CA 92668 <br><br> Serve:  The Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, MD 21201 <br><br> Defendant. | Civil Case No. 1:16-cv-02074 |

**CLASS ACTION COMPLAINT**

COMES NOW, the Plaintiffs, Korin Taylor and Stephen Knuth, on behalf of themselves and the classes set forth below, state as follows:

**INTRODUCTION**

1. This is a consumer class action brought for a willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), against Defendant Experian Information Solutions, Inc. ("Experian"), after Plaintiffs obtained a copy of their credit reports from Experian and discovered that Experian inaccurately reported public records regarding Plaintiffs. This

lawsuit challenges the manner in which Experian reports these public records.

2. Experian uses an automated and systematic procedure to gather and report derogatory judgments in credit reports. However, it does not follow similar procedures to gather updated information from the same agencies when the judgment is released, satisfied, vacated or otherwise removed. Experian's failure to timely gather updated information regarding judgments is a violation of 15 U.S.C. § 1681e(b) because Experian has not implemented reasonable procedures (or any procedures whatsoever) to ensure the maximum possible accuracy in the preparation of the consumer reports that it furnished regarding Plaintiffs and the class members.

## JURISDICTION

3. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to LR 501 4(b)(iii) as Plaintiff Taylor is a resident of Salisbury, Maryland.

## PARTIES

5. Plaintiff Korin Taylor ("Ms. Taylor") is a natural person and a "consumer" as defined by § 1681a(c) of the FCRA.

6. Plaintiff Stephen Knuth ("Mr. Knuth") is a natural person and a "consumer" as defined by § 1681a(c) of the FCRA.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company authorized to do business in Maryland. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

**FACTS**

8. Unlike credit accounts, Experian affirmatively seeks out and purchases public records data, including Maryland civil judgments, to include this derogatory information in the credit reports it sells. It proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so.

9. Experian does not follow reasonable procedures to gather information from the courts when the civil judgments are satisfied, vacated, appealed, or similarly dismissed, with the same rigor and process that it employs to gather information when those judgments are initially entered in favor of various judgment creditors, many of which include its paying subscribers.

10. Experian has used a series of different vendors over the years. Originally, these vendors relied on in-person manual reviews of civil courthouse records. Typically, the clerk's office would make available copies of termination records—satisfactions, dismissal, vacatures, and appeals.

11. However, sometime after 2006, Experian and its vendors stopped this more careful process and began collection of judgment information solely from automated resources.

12. After the switch to this automated process, Experian and its vendors rarely collected any judgment disposition information. And the only "in-person" review of the automated data was attempted only after a consumer made a formal dispute, and even then, only rarely.

13. In short, Experian published judgment data that it knew would be inaccurate if a satisfaction, dismissal, vacatur or appeal had occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than paying to have these dispositions collected with the same vigor that it collected records of the initial entry of judgment.

14. Upon information and belief, the methods and processes used by Experian and its vendor to gather Maryland satisfactions, vacaturs, appeals and other dismissals was materially the same from June 2011 through June 2016.

15. Upon information and belief, Experian's vendor was obligated to collect and provide all affirmative judgments under its contract with Experian. However, in contrast, the vendor was only obligated to collect judgment terminations if the vendor determined it was "commercially reasonable" to do so.

16. At all times pertinent to this Complaint, Experian's conduct regarding the collection of judgment disposition information was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Experian's conduct is willful because it was intentionally accomplished through intended procedures and as Experian's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value to its paying customers than "disposition" information that demonstrated that the debt was no longer owed to those customers. Experian has also been on notice of these issues throughout the pendency of the *Soutter v. Equifax Information Solutions, LLC* action.

17. As a result of Experian's conduct, Plaintiffs and the putative class members suffered particularized and concrete injuries, including damages to their reputations, reductions to their credit scores, and increased risks that they would be denied credit.

### *Facts as to Plaintiff Korin Taylor*

18. In 2014, Ms. Taylor obtained a copy of her credit report from Experian and discovered that Experian was reporting an outstanding judgment against her entered in the Wicomico Circuit Court.

19. As described above, Experian's reporting of the judgment was inaccurate and occurred because Experian failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports it publishes and maintains regarding consumers.

20. In Ms. Taylor's instance, if Experian had followed such procedures, Experian would have reported an update to the public record showing that the judgment had been satisfied on March 10, 2014.

21. The information regarding the satisfaction of Ms. Taylor's judgment was publically available on the Internet through the Maryland Judiciary Case Search (MDJCS)—a databased free and easily accessible to Experian or its vendor.

22. However, consistent with its procedures, Experian made no effort to update and correct the judgment information until Ms. Taylor disputed the information in October 2014.

23. Between March 10, 2014 and October 2014, Experian published Ms. Taylor's credit report on at least 23 different occasions to multiple third parties.

24. Likewise, when the judgment against Ms. Taylor was vacated in November 2015, Experian made no effort to update and delete the judgment until Ms. Taylor disputed the information in January 2016.

### *Facts as to Plaintiff Stephen Knuth*

25. On April 14, 2015, a default judgment was entered against Mr. Knuth in the District Court for Baltimore County.

26. On May 22, 2015, the judgment was vacated because the plaintiff failed to properly serve Mr. Knuth, who had actually paid the debt prior to the commencement of the case.

27. Once Mr. Knuth discovered the existence of the judgment, Mr. Knuth contacted the plaintiff's attorney, who agreed to immediately vacate the judgment and dismiss the lawsuit.

28. Nevertheless, sometime after June 1, 2015, Experian started to report the judgment in Mr. Knuth's credit report without any notation of vacatur.

29. Consistent with its procedures, Experian made no effort to update and correct the judgment information until Mr. Knuth disputed the information in December 2015.

30. Between May 22, 2015 and December 2015, Experian published Mr. Knuth's credit report on at least 40 different occasions to multiple third parties.

## COUNT ONE:
### Violation of 15 U.S.C. § 1681e(b)

31. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Plaintiffs bring this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

All natural persons who meet every one of the following definitional requirements:

a. the computer database of the Maryland Judiciary shows that the person was the defendant in a civil case in Maryland;

b. the computer database of the Maryland Judiciary shows that as of the date 20 days after the Court's certification of this class, the civil action or judgment was dismissed, satisfied, appealed, or vacated on or after June 14, 2011 ("the disposition date"); and

c. Experian's records note that a credit report regarding the person was furnished to a third party who requested the credit report, other than for an employment purpose at least 30 or more days after the disposition was recorded in the court file.

33. Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiffs allege that the class is so numerous that joinder of the claims of all class members is impractical. The names and addresses of the class members are identifiable through documents maintained by

Experian and through publically available court records, and the class members may be notified of the pendency of this action by published and/or mailed notice.

34. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include by example only and without limitation:

   a. Whether Experian adopted procedures that collected and reported updates to public record civil judgments that were less systematic and effective than those it used to collect and report the underlying judgments;

   b. Whether Experian's uniform procedure for collecting judgment dispositions (including those of its agent) was a reasonable procedure to ensure maximum possible accuracy in the credit reports it furnished;

   c. Whether Experian did so recklessly, knowingly, or intentionally in conscious disregard of the rights of the consumer class members; and

   d. Whether Experian's conduct constituted violations of the FCRA.

35. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs are entitled to relief under the same cause of action as the other members of the class. The procedures for both credit reporting and collecting the judgment dispositions were the same. The willfulness evidence is the same. And the time period within which all actions relevant to this class claim took place is the same.

36. Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiffs are adequate representatives of the class, because their interests coincide with and are not antagonistic to the interests of the members of the class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have prosecuted this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the class.

37. Superiority. Fed. R. Civ. P. 23(b)(3). As alleged above, questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Experian's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the members of the class individually to redress effectively the wrongs done to them. And in fact, not a single putative class member has filed or attempted the class claim. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the Court. In fact, it is also likely that a large number of class members may not even know of the underlying inaccuracy, not having yet discovered the uncorrected public record or otherwise reviewed their current credit report. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Experian's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

38. Experian violated 15 U.S.C. § 1681e(b) as to the Plaintiffs and to the class by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiffs and other class members.

39. Each Plaintiff and putative class member suffered real and actual harm and injury.

40. By example only and without imitations, the rights at issue were determined by Congress to be important measures of Experian's process to ensure continued accuracy and completeness in its files and reports.

41.     In each instance for each §1681e(b) class member, their actual credit reports were materially inaccurate and reported a major derogatory public record that Experian was legally obligated to correct and omit.

42.     Experian's violation of 15 U.S.C. § 1681e(b) was willful, rendering the Experian liable pursuant to 15 U.S.C. § 1681n.

43.     In the alternative, Experian's violation of 15 U.S.C. § 1681e(b) was negligent, rendering the Experian liable pursuant to 15 U.S.C. § 1681n.

44.     The Plaintiffs and each class member suffered an actual injury and loss because of Experian's violation of 15 U.S.C. § 1681e(b) as alleged herein.

45.     The Plaintiffs and each class member are entitled to recover statutory damages up to $1,000, punitive damages, costs, and attorney's fees from the Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Plaintiffs and each class member are entitled to recover their actual damages pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, move for class certification and for statutory and/or actual damages, punitive damages, as well as their attorney's fees and costs against the Defendant and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

        Respectfully Submitted,
        **KORIN TAYLOR,**
        **STEPHEN KNUTH**

        By:__/s/ Kristi C. Kelly_____
             Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A

Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

*Counsel for Plaintiffs*